UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0040-GW-JCx | Date | August 26, 2024 |
|---|---|---|---|
| Title | *Daniellle Mercier for Estate of Todd M. England v. DePuy Orthopaedics, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - ORDER ON APPLICATION FOR AN ORDER CONTINUING HEARING ON PLAINTIFF'S NOTICE OF MOTION TO STRIKE DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT, WITH RESPECT TO PLAINTIFF'S ALLEGATIONS CAL. CIV. PROC. CODE § 377.34(B) APPLIES TO PLAINTIFF'S SURVIVOR CLAIMS [109]**

The Court has received and reviewed Defendant's *ex parte* application to continue the hearing on Plaintiff's motion to strike Defendant's motion to partially dismiss the First Amended Complaint, or in the alternative, for partial summary judgment. *See* Docket No. 109. The Court has also briefly reviewed – but not yet fully considered – Defendant's motion to dismiss, Docket No. 101, and Plaintiff's motion to strike Defendant's motion to partially dismiss the First Amended Complaint, or in the alternative, for partial summary judgment, Docket No. 106.

Seemingly, disposition of the dual motions revolves on the same issue: whether California or Nevada law applies to Count Twelve of the First Amended Complaint. If California Code of Civil Procedure § 377.34(b) applies to this action in a way that is relevant to the choice of law analysis bearing on whether Count Twelve should be dismissed, the Court would find that Plaintiff's position can be, and should be, addressed in its opposition brief to Defendant's motion to dismiss, not in a separate motion. It is also far from clear whether a motion for summary judgment is even proper at this juncture. This is especially prudent because nearly all of the uncontroverted facts set forth in Plaintiff's statement of undisputed facts relate to the procedural history of this case. *See* Fed. R. Civ. P 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the

|  | : |  |
|---|---|---|
|  | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0040-GW-JCx | Date | August 26, 2024 |
|---|---|---|---|
| Title | *Daniellle Mercier for Estate of Todd M. England v. DePuy Orthopaedics, Inc., et al.* | | |

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials").

    Accordingly, the Court orders Plaintiff to show cause in writing by 3:00 P.M. on Wednesday, August 28, 2024, why the motion for summary judgment should not be stricken and why the Plaintiff's position cannot be addressed in the normal course of briefing Defendant's motion to dismiss.

    :    

Initials of Preparer    JG