UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00040-GW-JC | Date | January 8, 2025 |
|---|---|---|---|
| Title | Danielle Mercier, etc., et al. v. Depuy Orthopaedics, Inc., et al. | | |

Present: The Honorable  Jacqueline Chooljian, United States Magistrate Judge

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendant:
None  None

**Proceedings:** **(IN CHAMBERS)**

**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO PRODUCE DOCUMENTS RESPONSIVE TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (DOCKET NO. 129)**

On January 3, 2025, Defendants Depuy Orthopaedics, Inc., Johnson & Johnson, and Johnson & Johnson Services, Inc. ("Defendants") filed an Ex Parte Application for an Order Compelling Plaintiff to Produce Documents Responsive to Third Set of Requests for Production ("Ex Parte Application").[1] The Ex Parte Application is directed to Plaintiff Danielle Mercer ("Plaintiff") and essentially requests that the Court order Plaintiff promptly to produce documents responsive to Defendants' Request for Production ("RFP") Nos. 1,[2] 3,[3] 4[4] and 6[5] in Defendants' Third Set of Requests for the Production of Documents and a redaction log stating the basis for any redactions in such production and earlier

---

[1] The Ex Parte Application is accompanied by a Memorandum of Points and Authorities, a Declaration of Molly E. Flynn and multiple exhibits. (Docket No. 129).

[2] RFP No. 1 calls for the production of all documents related to Decedent Todd England's ("Decedent") cause of death.

[3] RFP No. 3 calls for the production of the police report relating to the death of the Decedent.

[4] RFP No. 4 calls for the production of all documents supporting Plaintiff's allegation that the Decedent died as a result of an accidental overdose of pain medical as alleged in Paragraphs 62, 78-80, 174, and 187 of the First Amended Complaint.

[5] RFP No. 6 calls for the production of all documents that relate to Plaintiff's last communications between Plaintiff and the Decedent.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00040-GW-JC | Date | January 8, 2025 |
|---|---|---|---|
| Title | Danielle Mercier, etc., et al. v. Depuy Orthopaedics, Inc., et al. | | |

productions. Defendants assert that during the meet and confer process Plaintiff agreed to produce "a number of documents, including copies of Mr. England's personal journals, photographs, and certain mobile phone application data" and "certain materials that are only available to next of kin and that are not available to Defendants, including a copy of the dead body report from the Las Vegas Police Department and the Nevada prescription database data." The Ex Parte Application reflects that Plaintiff thereafter produced the following, which constitute some, but not all of the promised items: (1) on November 22, 2024, three documents including a medical examiner report that had originally been obtained by Defendants with a copy produced to Plaintiff; (2) on December 18, 2024 "two of three journals," "amounting to a 63-page production with two pages fully redacted without explanation; and (3) on January 3, 2025, an additional 110 pages of journals (with more promised over the weekend). As of the filing of the Ex Parte Application, outstanding materials assertedly included "additional journals authored by Mr. England; photographs; copies of communications between Plaintiff and Ms. Mercier and/or minor Plaintiff Benjamin England; and the Nevada Pharmacy Monitoring Program data." Defendants assert that ex parte relief is warranted because the outstanding documents in issue are needed for four fact witness depositions that are scheduled for January 24, 2025 and because Plaintiff has engaged in dilatory discovery practices, has failed to comply with numerous extensions and continues to withhold critical documents in her possession.

On January 7, 2025, Plaintiff filed a three-page Response to the Ex Parte Application ("Response") (Docket No. 131) in which Plaintiff represents, albeit without evidentiary support, that "[w]ithout waiving objections, Plaintiff has produced all documents responsive to Defendant's requests that the parties agreed would be produced before Plaintiff's deposition" and that "[t]he final journal which is the subject of the [Ex Parte Application] was produced on January 7, 2025." As to redaction, Plaintiff asserts that "only one section of the responsive materials was withheld" – "information . . . on pages Mercier-000070 to Mercier-000071" assertedly based on relevance and privacy concerns. Plaintiff contends that photograph are not a subject of the Ex Parte Application but that Plaintiff is in the process of gathering the same and will produce them prior to Plaintiff's deposition. Plaintiff contends that the Ex Parte Application is now moot and should be denied.

Based on the current record, the Court grants in part and denies in part the Ex Parte Application without prejudice. To the extent Plaintiff has not already done so, Plaintiff is ordered to produce by not later than **January 13, 2025**: (1) any journals authored by Mr. England that are responsive to RFP Nos. 1, 4 and 6; (2) photographs that are responsive to RFP Nos. 1, 3, 4 and 6; (3) copies of communications between Plaintiff and Ms. Mercier and/or minor Plaintiff Benjamin England that are responsive to RFP Nos. 1, 4 and 6; (4) mobile phone application data responsive to RFP No. 6; (5) the Nevada Pharmacy Monitoring Program data; and (6) a redaction log setting out the documents numbers of any documents produced in a redacted form and the asserted basis for redaction. The Court denies the Ex Parte Application without prejudice to the extent it seeks an order compelling Plaintiff to produce photographs/other items that do not appear to be called for by RFP Nos. 1, 3, 4 and 6.

IT IS SO ORDERED.