UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00040-GW-JC | Date | January 22, 2025 |
|---|---|---|---|
| Title | Danielle Mercier, etc., et al. v. Depuy Orthopaedics, Inc., et al. | | |

Present: The Honorable  Jacqueline Chooljian, United States Magistrate Judge

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendant:

None     None

**Proceedings:**     **(IN CHAMBERS)**

**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR LEAVE FOR IN CAMERA REVIEW OF INFORMATION UNILATERALLY REDACTED IN DECEDENT TODD M. ENGLAND'S JOURNAL (DOCKET NO. 133) AND DIRECTING PLAINTIFF FORTHWITH TO PRODUCE UNREDACTED VERSIONS OF PAGES IN ISSUE**

Pending before the Court is Defendants' Ex Parte Application for Leave for in Camera Review of Information Unilaterally Redacted in Decedent Todd M. England's Journal ("Ex Parte Application"), to which Plaintiff has filed a Response. (Docket Nos. 133, 135).[1]

First, to the extent the Ex Parte Application merely requests that the Court conduct an *in camera* review of two pages of the referenced journal that were produced in discovery in a redacted form apparently based on privacy and relevance concerns, the Ex Parte Application is not opposed and is granted.

Second, to the extent the Ex Parte Application requests that Plaintiff be ordered to produce unredacted versions of the two pages in issue – something which Plaintiff opposes – the Ex Parte

---

[1] Plaintiff's Response was filed under seal and is accompanied by what have been represented to be (1) unredacted versions of the two journal pages in issue (Docket No. 135-1); and (2) redacted versions of the two journal pages in issue that presumably have already been produced. (Docket No. 135-2). Plaintiff represents that only three lines of text were redacted from the two pages, but a comparison of the unredacted and redacted versions yield the conclusion that actually five lines were redacted (the last two lines on page Mercier 000070, and the first three lines on page Mercier 000071). Notwithstanding the foregoing, the Ex Parte Application states that "[t]wo pages from the journal were fully redacted." (Ex Parte Application at 5). Thus there is ambiguity in the record as to whether Plaintiff produced fully redacted versions of the two journal pages in issue or redacted versions consistent with what has been provided to the Court as Docket No. 135-2 herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00040-GW-JC | Date | January 22, 2025 |
|---|---|---|---|
| Title | Danielle Mercier, etc., et al. v. Depuy Orthopaedics, Inc., et al. | | |

Application is also granted.  As noted above, Plaintiff redacted such pages based on relevance and privacy concerns.  This Court previously notified the parties that redactions on such bases are disfavored.  (See Docket No. 134 n.1) (citing Leprino Foods Company v. Avani Outpatient Surgical Center, Inc., 2024 WL 4488711, at *10-*11, *14  (C.D. Cal. Sept. 30, 2024)).  The operative First Amended Complaint in this action alleges that the Decedent (Todd M. England) "lost his marriage as a result of the defective implant that Defendants provided him," "died as a result of accidental overdose of pain medication [to which he became  addicted as a result of Defendants' allegedly wrongful acts] and upon information and belief, did not have suicidal intent," and "lost his life as a direct result of the defective implant Defendants provided him." (Docket No. 123, ¶¶ 57-59).  Defendants have denied such allegations.  (Docket No. 126).  The Court overrules Plaintiff's relevance objection because the redacted information is at least arguably relevant because it could undercut the aforementioned allegations in the First Amended Complaint and could support Defendants' denial of the same.  Having said that, the information is undeniably private in nature, but the parties have been operating under the protective order issued in the MDL litigation.[2]  The Court finds that Defendants' need for the information outweighs the privacy concerns in issue and that the existing protective order adequately addresses such concerns.  Accordingly, Plaintiff is directed forthwith to produce unredacted versions of Mercier 000070 and Mercier 000071.

       IT IS SO ORDERED.

---

[2] To the extent there is any issue as to whether the MDL protective order continues to govern the instant action, this Court directs the parties to continue to proceed thereunder absent further Order of the Court.  Accordingly, the information Plaintiff redacted from Mercier 000070 and Mercier 000071 that has been ordered produced herein must not be placed in the public record absent further Order of the Court.