ANDREW PARKER FELIX (SBN 276002)
afelix@forthepeople.com
KRISTOPHER BONHAM (SBN 1010914)
kbonham@forthepeople.com
**MORGAN & MORGAN, P.A.**
633 West Fifth Street, Suite 2200
Los Angeles, CA 90071
Telephone: (323) 825-3424
Facsimile: (213) 418-3983
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MERCIER, in her capacity as Special Administrator to the ESTATE OF TODD M. ENGLAND, and as natural parent and next friend of BENJAMIN ENGLAND<br><br>Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.<br><br>Defendants. | Case No. 2:23-cv-00040-GW-JC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXCLUSIONARY SANCTIONS FOR THE VIOLATION OF THE COURT'S MAY 18, 2023 ORDER [SEALED] AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. George H. Wu<br>Magistrate Judge: Hon. Jacqueline Chooljian |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXCLUSIONARY SANCTIONS FOR THE VIOLATION OF THE COURT'S MAY 18, 2023 ORDER [SEALED]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW: Plaintiff, Danielle Mercier, in her capacity as Special Administrator to the Estate of Todd M. England and as Natural Parent and Next Friend of Benjamin England, through her undersigned counsel, and files this Response in Opposition of Defendants' Motion for Exclusionary Sanctions for the Violation of the Court's May 18, 2023, Order [Sealed], and Memorandum of Points and Authorities in Support thereof.

# RESPONSE IN OPPOSITION

Plaintiff files the instant Response in Opposition to show that Defendants' Motion must be denied, because Plaintiff did not violate this Court's May 18, 2023, Order. Defendants' assert that Plaintiff violated this Court's order by providing an expert report prepared by Plaintiff's former expert, Dr. Li, to Plaintiff' current experts, Mari Truman and Professor Stephen Graves. The expert report[1] at issue in this Motion contains the exact same information as expert reports Mari Truman was provided by other plaintiff's lawyer in other pinnacle hip cases following the exclusion of Dr. Li. In fact, the reports containing the exact same information are publicly available on court dockets throughout the country. Notably, this Court's May 18, 2023, Order did not seal Dr. Li's Report in this case, because this Court was never provided Dr. Li's Report in this case. Thus, this document was never before the Court and no order was ever entered restricting its use. Defendants also never moved for a protective order to restrict the use of Dr. Li's Report after exclusion was granted. Thus, Plaintiff cannot be sanctioned for violating and order that does not restrict the use of Dr. Li's Report.

In fact, Dr. Li's reports have been regularly provided to substituted experts in these other cases. This includes the expert at issue in this Motion, Mari Truman who was provided Dr. Li's report in *McCoy* and found competent to testify regarding her opinions that partially relied on Dr. Li's Report. *See McCoy v. DePuy Orthopaedics, Inc.* (S.D. Cal., Apr. 19, 2024, No. 22-CV-2075 JLS (SBC)). With this backdrop it is entirely unclear why Defendants have filed a motion for exclusionary sanctions in this case but not in cases like *McCoy* where Mari Truman was provided the exact same information in other cases where they did not move for exclusionary sanctions.

---

[1] The report at issue (hereinafter Dr. Li's Report) has been filed as Exhibit A to the Declaration of Molly Flynn. Plaintiff moves to unseal that document based on the fact it is identical to the publicly available reports of Dr. Li from other cases attached hereto as Exhibits 1-4.

Defendants also fail to mention that no court, including this court, has ever found that Dr. Li's reports in the pinnacle and ASR litigation contain confidential information. Dr. Li's exclusion from these cases has purely been based on "other documents" that show he had a confidential relationship with Depuy. For example, the Southern District of California viewed Dr. Li's report in that case and could not determine if it contained any confidential information. *See McCoy v. DePuy Orthopaedics, Inc*. (S.D. Cal., July 14, 2023, No. 22-CV-2075 JLS (SBC)) 2023 WL 4551081, at *8. As in this case, the court in *McCoy* struck Dr. Li purely based on "other documents" that show he had a confidential relationship with Depuy. *See id*.

Subsequently in *McCoy* the court took no issue, and Defendants raised no confidentiality objection, to Dr. Li's report in McCoy being provided to Mari Truman in the McCoy litigation. Rather, in *McCoy* Defendants argued that Mari Truman, through her reliance on the Dr. Li Report, was acting as a mouthpiece for Dr. Li. *See* McCoy v. DePuy Orthopaedics, Inc. (S.D. Cal., Apr. 19, 2024, No. 22-CV-2075 JLS (SBC)) 2024 WL 1705952, at *12. The court in *McCoy* rejected that argument and found her to be competent to testify in that case. *See McCoy v. DePuy Orthopaedics, Inc*. (S.D. Cal., Apr. 19, 2024, No. 22-CV-2075 JLS (SBC)) 2024 WL 1705952, at *12 ("Upon review of the record, the Court is satisfied that Ms. Truman's opinions are her own"). Thus, even courts who have actually analyzed the information in Dr. Li's Report have not found confidential information within the report and have allowed the report to be relied on by substituted experts.

Thus, Defendants' Motion has two critical flaws: (1) Plaintiff never violated the May 18, 2023 Order because Dr. Li's Report was never before the Court; and (2) Defendants have never made a showing of good cause that Dr. Li's Report justifies any restrictions for dissemination. Even in their instant Motion Defendants never once argue that any information in Dr. Li's Report is confidential. Thus, Plaintiff did not violate this Court's May 18, 2023, Order.

Additionally, even if the Order was intended to cover Dr. Li's Report, the May 18, 2023, Order is vague and ambiguous as it never states that the Court made a finding that a document that was never before the Court is restricted. Thus, Plaintiff's conduct substantially complies with a fair reading of the May 18, 2023, Order and sanctions are improper.

Finally, even if the Court were to conclude that a sanctionable violation occurred, lesser sanctions are warranted. Plaintiff had no notice that there were any restrictions for use placed on Dr. Li's Report and there has been no showing that the report actually contains confidential information to justify excluding Plaintiff's liability experts. This exact information was provided to these experts through their work in other cases and any technical violation, to the extent one exists, is entirely harmless. For these reasons the Court should reject Defendants' requested relief.

## **MEMORANDUM IN SUPPORT**

Defendants' attack on Plaintiff's conduct in this case centers on providing information already within the public domain to two experts, one of which already had this information from a different plaintiff's lawyer in a different case. There is also no valid basis to say a Plaintiff violated an Order that does not explicitly restrict the use of a document that was not before the Court without violating Plaintiff's due process rights to challenge an assertion for restrictions to the use of that report. Therefore, Plaintiff requests that the instant Motion is denied because either Plaintiff did not violate the Order.

Next, Plaintiff can easily demonstrate substantial compliance, because a fair reading of this Court's May 18, 2023, Order would not provide any basis for Plaintiff to believe that the use of Dr. Li's Report was restricted. The report simply was not before the Court and sanctions would not be justified.

Finally, even if the Court were to impose sanctions, lesser sanctions are warranted because this exact information would have been provided to these experts from

their work in other cases and Defendants cannot actually establish Plaintiff's existing experts were provided any confidential information. Therefore, the instant Motion must be denied.

I. **PLAINTIFF DID NOT VIOLATE THIS COURT'S MAY 18, 2023, ORDER.**

First, no court, including this Court, has ever restricted Dr. Li's reports in this litigation, because Defendants have never made a showing that Dr. Li's pinnacle reports contain confidential information warranting any restrictions on their use. Plaintiff was also never provided an opportunity to challenge any restrictions to the document because Defendants never raised this issue. In fact, Dr. Li's Report in this case was never before the Court and the Order does not restrict its dissemination. Nor did Defendants file for a protective order to restrict its use despite knowing full well Plaintiff possessed the report. Further, even if Defendants had filed a motion for a protective order restricting the reports use, to establish good cause it would first have to file to seal all of the publicly available reports containing the exact same information in the various courts where Dr. Li's report had been filed. This is because the Ninth Circuit has already ruled that sealing or restricting the use of information within the public domain is improper. Therefore, Plaintiff cannot have violated the May 18, 2023, Order because the report was never before the Court and the information is public. This Motion must be denied.

**A. No Court, Including This Court, Has Ever Restricted the Use of Dr. Li's Publicly Available Pinnacle Reports.**

The Defendants cannot establish a violation of the Court's May 18, 2023, Order because Dr. Li's Report was never before the Court and the Court never made any findings that the report should be protected or sealed. Dr. Li's Report in this case contains the same information as Dr. Li's reports in other Pinnacle and ASR cases against Defendants that are publicly available on other trial court dockets. Thus, no violation occurred and there can be no sanctions imposed.

Under the federal rules. while a Court has the power to issue exclusionary sanctions for violations of discovery orders, the Court must find that a violation occurred. *U.S. v. Schwartz* (9th Cir. 1988) 857 F.2d 655, 659 ("[t]he district judge here did not rule on the basis, and made no finding, that the government had violated any order of the court"). Moreover, despite the fact that "Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system" (*See Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004)), the party seeking disqualification must establish that "it in fact disclosed confidential information to the expert." *See Stencel v. Fairchild Corp.*, 174 F. Supp. 2d 1080, 1083 (C.D. Cal. 2001). Defendants fail on both issues as they cannot show an order was violated nor that confidential information was provided to Plaintiff's existing experts.

In this case, this Court struck Plaintiff's former expert Dr. Li based on a confidential relationship with Depuy that was never disclosed to Plaintiff's counsel. *See* Doc. #73. The Court referred to that decision as a "close case." *See id*. at page 2. This decision was not based on anything in Dr. Li's Report because that report was not provided to the Court. *See id*. For example, Defendants' Motion to Exclude did not attach Dr. Li's Report. *See* Doc. #21. Likewise, Plaintiff's Response in Opposition did not attach Dr. Li's Report. *See* Doc. #65. Thus, at no point was this Court provided Dr. Li's Report and at no point did this Court ever restrict the use of Dr. Li's Report. Rather, the entire May 18, 2023, Order to exclude was based on other documents establishing Dr. Li had previously been provided with confidential information.

Notably, no trial court has ever sealed Dr. Li's report in this litigation and the same information Defendants cry foul over here is publicly available on court dockets across the county. These reports contain the exact same information as Dr. Li's Report in this case. *Compare* Declaration of Molly Flynn at Exhibit A (Dr. Li's Report in this Case); with Exhibit 1 (Dr. Li's Report in *Cannon v. Depuy Orthopaedics, Inc. et al*, Case No. 1:22-

cv-05152-MLB (publicly available on the docket of the Northern District of Georgia)); Exhibit 2 (Dr. Li's Report in *Sheehy et al. v. Depuy Orthopaedics, Inc. et al*, Case No. 1:22-cv-03370-RMR (publicly available on the docket of the District Court of Colorado)); Exhibit 3 (Dr. Li's Report in *Hawkins v. Depuy Orthopaedics, Inc. et al*, 1:22-cv-03859-APM (publicly available on the docket of the District Court of Columbia); and Exhibit 4 (Dr. Li Report in *Winkelmeyer et al. v. Depuy Orthopaedics, Inc. et al*, 2:13-cv-04058 (publicly available on the docket of the Western District of Missouri).

The reason courts where Dr. Li's pinnacle reports have been filed have not sealed the report itself is because these courts have not found anything confidential in the report itself. *See McCoy v. DePuy Orthopaedics, Inc.* (S.D. Cal., July 14, 2023, No. 22-CV-2075 JLS (SBC)) 2023 WL 4551081, at *8. These other courts, like this Court, have instead stricken Dr. Li based on "other documents" showing he was provided confidential information. *See id*. Thus, the other Dr. Li pinnacle reports contain the same exact information and have never been sealed. Instead, these other Courts have expressly allowed other experts, including specifically Mari Truman, to rely on Dr. Li's Report. *See McCoy v. DePuy Orthopaedics, Inc*. (S.D. Cal., Apr. 19, 2024, No. 22-CV-2075 JLS (SBC)).

Moreover, it is entirely justified to provide Dr. Li's Report in this case to Plaintiff's new experts, because Dr. Li's Report contains case specific photographs and analysis of the wear on Plaintiff's implant. Plaintiff's experts each relied on this information. This was essential because simply viewing the photos taken by Plaintiff's expert Dr. Rasty and the prior photos taken by Dr. Li show that there were material changes to the state of the implant at some point after it left Plaintiff's possession (likely when in the possession of Defendants' experts:

 

Photo from Dr. Li Report                        Photo from Dr. Rasty's Report

*Compare* Declaration of Molly Flynn at Exhibit A (Dr. Li's Report in this Case); *with* Exhibit 5 (Dr. Rasty's Report); and Exhibit 6 (Emails Regarding Dr. Rasty's Review). Based on the visual evidence above, the Defendants who demanded the implant be sent to them prior to Dr. Rasty's examination appear to have materially altered the evidence by removing corrosive material from the trunnion of Mr. England's implant. Thus, the information in Dr. Li's Report has been spoliated by the Defendants and the Defendants attempts to limit the use of this report without filing any motion to justify restricting its use cannot be supported.

      Defendants caselaw also does not support exclusion. All of the cases cited by Defendants are based on unreliable opinions excluded through Daubert pursuant to 703. To the extent that Defendants challenge the reliability of Dr. Li's opinions to seek exclusion of Plaintiff's experts they should be required to raise such arguments in a Daubert motion. Notably, Defendants have already lost on this point in this exact litigation regarding Mari Truman's opinions. *See McCoy v. DePuy Orthopaedics, Inc.* (S.D. Cal., Apr. 19, 2024, No. 22-CV-2075 JLS (SBC)) 2024 WL 1705952, at *12 ("Upon review of the record, the Court is satisfied that Ms. Truman's opinions are her own"). Rather than make a similar motion

here, Defendants simply seek to avoid 703 altogether by Frankensteining a confidentiality argument that has no merit.

In sum, because Plaintiff's did not violate this Court's May 18, 2023, Order, there is no basis for sanctioning the Plaintiff by excluding its liability experts. Plaintiff here did exactly what other plaintiffs have done where Dr. Li was excluded and no Court has ever found that to be improper. Defendants have never even attempted to argue that point in those cases. Yet here Defendants attempt to single Plaintiff out purely to seek victory on a technical violation that does not even exist. Therefore, Defendants' Motion must be denied.

**B. This Court Cannot Restrict the Use of Dr. Li's Report.**

Furthermore, this Court cannot restrict the use of Dr. Li's Report because there has been no showing of good cause to impose such restrictions. Specifically, not only did the May 18, 2023 Order not restrict its use, but this Court could not actually enter an order restricting its use, because the information in the report is public. *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1184 (holding a magistrate judge did not err by refusing to redact names and references that were "already publicly available"). This is likely why the Defendants never attempted to restrict the use of the report in their Motion to Exclude and/or by moving for a protective order. Therefore, this Motion must be denied and the Court must unseal Dr. Li's Report that was recently filed with the Declaration of Molly Flynn in support of this Motion.

There are two ways for a Court to restrict the use of documents and both require a motion by the party seeking to restrict the use of the material. For example, under Rule 26(c) a trial court can limit the disclosure of a document or restrict its use by ordering the document not be revealed or revealed in only a certain way. *See* Fed. R. Civ. P. 26(c). This requires that the party seeking protection "move for a protective order" and make a showing of good cause. *See id*. This Court has stated that "the party seeking to limit the disclosure of discovery materials must show that "specific prejudice or harm will result if

no protective order is granted." *Realtime Adaptive Streaming LLC v. Google LLC*, No. CV 18-3629-GW(JCX), 2019 WL 13039329, at *5 (C.D. Cal. May 6, 2019).

Similarly, a litigant can file a document under seal entitling it to protection from public dissemination. To seal Dr. Li's report would require Defendants to meet the higher "compelling reasons" standard. *Kamakana*, 447 F.3d 1172, 1184 (9th Cir. 2006). This is because, there is a "a strong presumption in favor of access to court records." Center for *Auto Safety v. Chrysler Group, LLC* (9th Cir. 2016) 809 F.3d 1092, 1096 (internal citations and quotations omitted). The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. To seal a court record, the "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* Even when there is a compelling reason to seal a court record, the trial court must ensure that the information sealed is "only information which pertains to their asserted compelling interest." *Simon v. Angeles* (C.D. Cal., June 27, 2023, No. 222CV01775SSSGJSX) 2023 WL 6192696, at *1.

Here, Defendants have never attempted to restrict the use of Dr. Li's Report by moving for a protective order. Had they done so Plaintiff would have had a right to challenge that protective order. This would have been easy to accomplish because a litigant cannot show good cause and this Court cannot enter a protective order restricting the use of information where the underlying information is already public. *Kamakana*, 447 F.3d 1172, 1184 (9th Cir. 2006).  Thus, the only way Defendants could restrict the use of Dr. Li's Report in this case would be to seal his report in every other case first.

But Defendants did not move to seal the other publicly available reports, containing the exact same information as Dr. Li's Report in this case, in the roughly two years since they excluded Dr. Li from every pinnacle case. This is likely because the Defendants have been unable to show a single court that the reports contain confidential

information. *McCoy v. DePuy Orthopaedics, Inc.*, No. 22-CV-2075 JLS (SBC), 2023 WL 4551081, at *8 (S.D. Cal. July 14, 2023) ("[t]he Court cannot make a determination as to whether the report itself discloses confidential information conveyed by DePuy's counsel to Dr. Li; however, that is not the relevant inquiry for purposes of the present Motion"). Thus, this information remains public and this Court cannot find good cause to restrict the use of this public information. *Kamakana*, 447 F.3d 1172, 1184 (9th Cir. 2006).

As a result, this Court could not restrict the use of Dr. Li's Report then and it cannot restrict the use of Dr. Li's Report now. Therefore, not only must the Court deny this Motion as no restrictions were ever placed on the use of Dr. Li's Report, but this Court must unseal the recent filing of Dr. Li's Report because good cause cannot be established to warrant the sealing of a document that contains public information. *Kamakana*, 447 F.3d 1172, 1184 (9th Cir. 2006).

## II.    PLAINTIFF CAN DEMONSTRATE SUBSTANTIAL COMPLIANCE.

Alternatively, even if the Court had attempted to seal this report, the May 18, 2023, Order is ambiguous and sanctioning Plaintiff would violate Plaintiff's due process rights.

The entire point of the Federal Rules of Civil Procedure are to ensure litigants are provided due process. For that reason, the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

One reason why processes were created to allow parties to move to restrict the use of documents and opponents to challenge proposed restrictions is to allow litigants to have notice of what is being restricted and what restrictions apply. *See* Fed. R. Civ. 26(c). Plaintiff is entitled to fair notice of what conduct would subject her to discovery sanctions. For this reason, parties should not be sanctioned where there conduct "appears to be based on a good faith and reasonable interpretation of the [court's order]." *See In re Dual-Deck*

*Video Cassette Recorder Antitrust Litigation* (9th Cir. 1993) 10 F.3d 693, 695 (internal citation & quotations omitted).

Here, read in a reasonable light, the Order only disqualifies Dr. Li and only seals the documents Defendants' submitted to establish a confidential relationship existed. There is no suggestion that the Court sealed documents that were not before the Court or entered a protective order governing the use of Dr. Li's Report. There is no suggestion that providing Dr. Li's Report to experts in this case would be violative, even though other courts issuing similar orders allowed that report to reach the substituted experts. Thus, based on a reasonable interpretation of this Court's May 18, 2023, Order Plaintiff's substantially complied with the Court's May 18, 2023, Order and sanctions must not be imposed.

### III. EVEN IF A VIOLATION OCCURRED, LESSER SANCTIONS WOULD BE WARRANTED.

Finally, even if sanctions were somehow warranted, wholly striking Plaintiff's experts from testifying is an unreasonable sanction.

Specifically, "if a Rule 37(c)(1) sanction will deal[ ] a fatal blow to a party's claim, a district court must consider (1) whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) the availability of lesser sanctions. *Merchant v. Corizon Health, Inc.* (9th Cir. 2021) 993 F.3d 733, 740–741 (internal citations & quotations omitted). "[A] district court must consider these two factors as part of its "harmlessness inquiry." *See id*.

Here, if a violation did occur it was entirely harmless, because the expert that Defendants suggest should not have been given Dr. Li's Report was provided the same information by a different plaintiff attorney through a publicly available report in a different matter. Thus, Mari Truman would have this information with or without Plaintiff providing her the report. Additionally, Plaintiff's counsel engaged Professor Graves in the Cannon litigation and provided him Dr. Li's publicly available report in that case. Thus, regardless of whether the Court order applies, any violation of this order is entirely harmless as these

experts would have had this exact material from their work on other cases. Therefore, because any violation was entirely harmless, lessor sanctions, if any, are justified.

Further, to justify striking Plaintiff's current experts, Defendants should be required to show that the confidential information made it to those experts. *See Stencel v. Fairchild Corp.*, 174 F. Supp. 2d 1080, 1083 (C.D. Cal. 2001). Defendants have never once been able to articulate to this or any other Court what exactly is confidential in Dr. Li's pinnacle reports. Thus, there is absolutely no basis to conclude that these experts received confidential information to justify excluding them from trial.

## CONCLUSION

Wherefore these premises considered, Plaintiff requests that the Court enter and order denying Defendants' Motion for Exclusionary Sanctions and sanctioning Defendants for advancing a frivolous motion that deliberately attempted to mislead the Court.

Dated: March 27, 2025                                       Respectfully Submitted,

/s/ *Kristopher A. Bonham*
**Kristopher A Bonham, Esq.**
Florida Bar No.: 1010914
*Admitted Pro Hac Vice*
**Morgan & Morgan, P.A.**
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, FL 33401
Telephone: (561) 812-1547
Email: kbonham@forthepeople.com
Secondary Email: damiansmith@forthepeople.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this March 27, 2025, I electronically filed the foregoing with the Court's e-filing portal, which will automatically send a copy to all counsel of record.

/s/ *Kristopher A. Bonham*
**Kristopher A Bonham, Esq.**