ANDREW PARKER FELIX (SBN 276002)
afelix@forthepeople.com
KRISTOPHER BONHAM (SBN 1010914)
kbonham@forthepeople.com
**MORGAN & MORGAN, P.A.**
633 West Fifth Street, Suite 2200
Los Angeles, CA 90071
Telephone: (323) 825-3424
Facsimile: (213) 418-3983
Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MERCIER, in her capacity as Special Administrator to the ESTATE OF TODD M. ENGLAND, and as natural parent and next friend of BENJAMIN ENGLAND<br><br>Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.<br><br>Defendants. | Case No. 2:23-cv-00040-GW-JC<br><br>**PLAINTIFF'S EX-PARTE APPLICATION SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT**<br><br>Judge: Hon. George H. Wu<br>Magistrate Judge: Hon. Jacqueline Chooljian |

**PLAINTIFF'S APPLICATION FOR SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

COMES NOW: Plaintiff, Danielle Mercier, in her capacity as Special Administrator to the Estate of Todd M. England and as Natural Parent and Next Friend of Benjamin England, through her undersigned counsel, and files this Motion for Sanctions and Memorandum of Points and Authorities in Support thereof.

**APPLICATION FOR SANCTIONS**

Plaintiff files the Ex Parte Application for Sanctions to put an end to Defendants ongoing attempt to manipulate this Court through false representations of law and fact. While yesterday the Defendants filed a Supplement to their Reply admitting that they made a false representations of fact in their Reply, the Defendants' Supplement itself, like its Reply, contains another false representations of fact. Specifically, Defendants

1  argue that the court in *McCoy* "did not give due weight to the underlying order
2  disqualifying Dr. Li." See Doc. 155 at page 2. But this ignores that the court in McCoy
3  was never asked to exclude Mari Truman based on a violation of their order disqualifying
4  Dr. Li because Defendants never filed a motion for exclusionary sanctions in that report.
5  Thus, while Defendants admit that this case is factually indistinguishable from *McCoy*
6  they never the less attempt to mislead this Court about the *McCoy* proceedings that
7  qualified Mari Truman to testify and rely on the same information they seek exclusion
8  over here.

9        The truth is that this Motion is wholly frivolous because this Court nor any
10 other Court has ever sealed or restricted the use of Dr. Li's Reports. The information in
11 the report at issue is publicly available and being used by experts, including Plaintiff's
12 expert, in other courts. This is because the Defendants have never even attempted to show
13 good cause to restrict use of any of Dr. Li's reports. As a result, the Defendants have
14 brought a half-baked argument that they know is false to this Court to further attempt to
15 mislead this Court into believing Plaintiff violated a Court order restricting the use of a
16 document that this Court was never even provided. This unethical behavior warrants
17 sanctions.

18       Plaintiff seeks to have this Application heard concurrently with Defendants'
19 Motion for Exclusionary Sanctions that they have attempted to unilaterally set on April
20 21, 2025.

21       **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

22       Defendants' behavior with respect to their Motion for Exclusionary
23 Sanctions has gone too far, and Plaintiff requests sanctions. While yesterday Defendants
24 filed a Supplement to their Reply that admits that they have made a false representation of
25 fact to the Court in their Reply filed hours before, the Supplement, like the Reply,
26 contains additional false representations through its suggestion that the court in *McCoy*
27 "did not give due weight to the underlying order disqualifying Dr. Li." See Doc. 155 at
28 page 2. The fact is the Court in *McCoy* was never presented with a motion seeking to

exclude Mari Truman based on a violation of the order disqualifying Dr. Li for receiving his report. So, the Court did not give weight to a violation of the order, because the Defendants never suggested a violation occurred. This was likely because the Court in *McCoy*, unlike this Court, was provided with Dr. Li's report and could not find anything confidential in the report. *See McCoy v. DePuy Orthopaedics, Inc.* (S.D. Cal., July 14, 2023, No. 22-CV-2075 JLS (SBC)) 2023 WL 4551081, at *8. Thus, Defendants' Supplement and its Reply continue to misrepresent the truth by suggesting the court in *McCoy* failed to weigh any argument they bring here but did not bring there.

Further, the reality is that the Defendants entire Motion for Exclusionary Sanctions is based on attempting to have this Court adopt a false narrative spun by the Defendants' counsel arguing that this Court sealed or restricted documents that it was never even provided. This Court should sanction the Defendants for their repeated violations of Rule 11(b) and award Plaintiff with court costs and fees.

**A. Relevant Law.**

An appellate court reviews a trial court's imposition of sanctions under Fed. R. Civ. P. 11 for abuse of discretion. *Seto v. Thielen* (9th Cir. 2013) 519 Fed.Appx. 966, 970. Rule 11(b) provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…

At its core, an attorney who signs a legal document certifies that they have "read the document, [have] conducted a reasonable inquiry into the facts and the law and [are] satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 546, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). A failure to comply with such obligations may result in a sanction. See Fed. R. Civ. P. 11(c).

In determining whether sanctions are warranted, the trial court conducts two steps. *Adamson v. Bowen* (10th Cir. 1988) 855 F.2d 668, 672. First, the trial court must find a filing violates Rule 11. Id. To find a Rule 11 violation, an attorney's conduct is evaluated based on "objective reasonableness." Id. at 673. If a reasonable inquiry would result in finding the arguments are not warranted by existing law, then the document's filing violates Rule 11. Id. Second, if the conduct violates Rule 11, a court then imposes an appropriate sanction. Id. at 672.

Regarding the first step, signing a legal document ensures that the attorney read the document and conducted a reasonable inquiry into the existing law. *See Bus. Guides*, Inc., 498 U.S. at 542; *see Adamson*, 855 F.2d at 673 ("The attorney must 'stop, look, and listen' before signing a document subject to Rule 11." (quoting Lieb v. Topstone Industries, Inc. (3d Cir. 1986) 788 F.2d 151, 157). This duty is a "nondelegable responsibility." Pavelic & LeFlore v. Marvel Entertainment Group (1989) 493 U.S. 120. Thus, blind reliance on another attorney can be an improper delegation of this duty and a violation of Rule 11. See *In re Kunstler* (4th Cir. 1990) 914 F.2d 505, 514 (affirming the district court's imposition of sanctions because the attorney's "reliance on others was indeed an improper delegation of his responsibility under Rule 11 to certify that the [filing] filed over his name was well grounded in fact and in law"); *Unioil, Inc. v. E.F. Hutton & Co., Inc*. (9th Cir. 1986) 809 F.2d 548, 558, *overruled on other grounds*, *In re Keegan Management Co., Securities Litigation* (9th Cir. 1996) 78 F.3d 431, 434 ("An attorney who signs the pleading cannot simply delegate to forwarding co-counsel his duty of reasonable inquiry.").

For the second step, the court imposes sanctions. *Adamson*, 855 F.2d at 672. A finding of subjective bad faith is not required to impose sanctions, because "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez* (9th Cir. 2001) 239 F.3d 989, 994. "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *See id*. Further, the Ninth

Circuit has held that "**an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power**." *See id*. (emphasis added). Such is the case here where Defendants attempt to intentionally mislead this Court into believing that the use of Dr. Li's Report was ever limited and actively concealed the fact that it contains purely public information and has been plainly allowed to be relied on by substitute experts in this very litigation.

Based on these standards, sanctions are clearly warranted.

**B. Defendants Have Violated Rule 11(b) in Multiple Ways.**

While the clearest example of violating Rule 11(b) is seen from the Defendants' Reply which they subsequently admitted was based on a false representation, the entire Motion for Exclusionary Sanctions is based on manipulating this proceeding through unethical obfuscation of what occurred in this case and the cases outside this Court to goad this Court into believing the Plaintiff violated a Court order that doesn't exist. This manipulative conduct warrants sanctions.

Specifically, Defendants' Reply in Support of their Motion for Exclusionary Sanctions falsely stated that Mari Truman was not offering case specific opinions and had not provided a case specific report to attempt to distinguish the facts in the case at bar from the facts in *McCoy*. *See* Doc. 155 (Defendants' Supplement to Defendant's Reply hereinafter "Supplement") at page 2 ("Defendants hereby withdraw its argument that the McCoy opinion is distinguishable on the basis that Truman disclosed a case-specific opinion in that case"). What Defendants fail to admit even in their Supplement is that their subsequent argument that "the McCoy opinion… does not give due weight to the underlying order disqualifying Dr. Li" is also a misrepresentation. *See id*. This is because the issue of whether Dr. Li's Report being provided to Mari Truman itself should require dismissal was never before the Court in *McCoy*, because that Court had already stated that it could not even determine confidential information existed within the report and

excluded Dr. Li based on other documents. *See McCoy v. DePuy Orthopaedics, Inc.* (S.D. Cal., July 14, 2023, No. 22-CV-2075 JLS (SBC)) 2023 WL 4551081, at *8.

   For example, a close reading of Defendants' Daubert Motion to exclude Mari Truman in *McCoy* never once argues for exclusionary sanctions or states that providing this report itself warrants the exclusion of Mari Truman. *See* Exhibit A (Defendants' Daubert Motion to Exclude Mari Truman in *McCoy*). The word "confidential" does not even exist in that filing and at no point do the Defendants claim that Mari Truman should be excluded for attempting to present precluded information in through the backdoor as they do here. *See id*. Rather their whole argument was based on an expert being a mouthpiece for another expert and blindly adopting Dr. Li's opinions. *See id.* at page 5. The Court rejected that argument finding that Mari Truman was qualified to testify as an expert and was not simply a parroting Dr. Li's opinions. *McCoy v. DePuy Orthopaedics, Inc.* (S.D. Cal., Apr. 19, 2024, No. 22-CV-2075 JLS (SBC)) 2024 WL 1705952, at *12 ("Upon review of the record, the Court is satisfied that Ms. Truman's opinions are her own").

   Thus, Defendants never challenged that the provision of this report to Mari Truman violated the *McCoy* court's order excluding Dr. Li and warranted exclusionary sanctions. Therefore, the court in *McCoy* cannot have "failed to give due weight to the order excluding Dr. Li" when qualifying Mari Truman, because the Defendants never argued that Mari Truman must be stricken for violating the *McCoy* order excluding Dr. Li via her receipt of Dr. Li's report in that case.

   As a result, the Defendants Supplement, like its Reply, contains a complete misrepresentation to this Court in that both suggest that the court in *McCoy* failed to properly exclude Mari Truman on the basis that the plaintiff in *McCoy* violated the court's order excluding Dr. Li when it provided Dr. Li's report in that case to Mari Truman. Thus, the Defendants continue to mislead this Court suggesting that due weight was not given to an argument they never even raised in *McCoy*.

Further, in their initial Motion for Exclusionary Sanctions, Defendants did not even cite to *McCoy* to claim the *McCoy* court got it wrong, because they knew that never made that argument in *McCoy*. Instead, Plaintiff was forced to respond to the Defendants' Motion for Exclusionary Sanctions to show the Court that Defendants were asking this Court to exclude this exact expert from doing the exact same thing she had done in *McCoy*, where Defendants never attempted to exclude her based on violating a prior order.

Worse, while the Defendants knew from the outset that Dr. Li's report contained purely public information, Defendants concealed this fact from the Court in their initial Motion. Defendants never informed this Court that Dr. Li's identical reports are publicly available, Plaintiff had to attach them to alert the Court to the frivolous nature of Defendants' argument. *See* Doc. 151 (Plaintiff's Response to Defendants' Motion for Exclusionary Sanctions) at Exhibit 1 (*Dr. Li's Report in Cannon v. Depuy Orthopaedics, Inc. et al*, Case No. 1:22-cv-05152-MLB (publicly available on the docket of the Northern District of Georgia)); Exhibit 2 (Dr. Li's Report in *Sheehy et al. v. Depuy Orthopaedics, Inc. et al*, Case No. 1:22-cv-03370-RMR (publicly available on the docket of the District Court of Colorado)); Exhibit 3 (Dr. Li's Report in *Hawkins v. Depuy Orthopaedics, Inc. et al*, 1:22-cv-03859-APM (publicly available on the docket of the District Court of Columbia); and Exhibit 4 (Dr. Li report in *Winkelmeyer et al. v. Depuy Orthopaedics, Inc. et al*, 2:13-cv-04058 (publicly available on the docket of the Western District of Missouri). This concealment was part of Defendants intentional attempt to manipulate this Court into believing that Mari Truman had been provided some top-secret information in this case, by concealing that it's the exact same information she was provided in *McCoy*.

This bad faith conduct itself violates Rule 11(b) because this Court cannot enter a protective order or seal a document based on confidentiality when that document is publicly available. *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1184 (holding a magistrate judge did not err by refusing to redact names and references that were "already publicly available").

Relatedly, the Defendants' continue to mislead this Court into believing that this Court's prior order restricted the use or dissemination of Dr. Li's prior report, even though they tacitly admit in their Reply that they never made a showing of good cause to seal or protect Dr. Li's Report that was never brought before the Court. *See* Doc. 155 at 6. This Court cannot seal a Court record without a showing of good cause and this Court cannot restrict the use of a document without a showing of good cause. *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1184 (holding a magistrate judge did not err by refusing to redact names and references that were "already publicly available"). As Plaintiff explained in its Response, Dr. Li's Report in this case was never filed with any of the briefing regarding Defendants' Moton to Exclude Dr. Li. *See* Doc. 151 at 5-6. Further, even courts like McCoy who were provided Dr. Li's identical reports in this litigation have not found that these form reports contain confidential information. *See McCoy v. DePuy Orthopaedics, Inc*. (S.D. Cal., July 14, 2023, No. 22-CV-2075 JLS (SBC)) 2023 WL 4551081, at *8. Thus, neither this Court nor any other court has ever entered an order sealing or restricting the use of Dr. Li's reports that are publicly available, because Defendants have never even attempted to make a showing of good cause to restrict such use. Therefore, the use of these reports cannot be restricted.

As a result, the Defendants Motion has always been based on a false representation that the Plaintiff violated a Court order by disseminating to their new expert a document containing public information that was never subject to an order by this Court restricting its use. This misleading scheme to goad this Court into finding a violation when Defendants are well aware one does not exist plainly violates Rule 11(b).

Therefore, the Court should find that the Defendants have repeatedly violated Rule 11(b) and consider sanctions.

**C. The Court Should Impose Sanctions.**

Finally, this Court should impose sanctions as the Defendants continuing attempt to mislead the tribunal satisfies the standard to establish objective bad faith.

      Specifically, Defendants have knowingly filed a Motion for Exclusionary Sanction, a Reply in Support and a Supplement to the Reply asserting a violation of an inapplicable court order for the specific purpose of misleading this Court into believing that the order restricted the dissemination of Dr. Li's Report. To carry out this improper objective, Defendants concealed the fact the documents their entire Motion was based on were never before this Court and were identical to publicly available documents that they had also never attempted to seal or protect. Defendants failed to inform this Court that Mari Truman already had this information from her work in *McCoy* and instead Plaintiff's counsel had to find that out while conducting legal research to respond to this frivolous filing. Had Plaintiff not stumbled upon the *McCoy* opinion, the fact *McCoy* is factually indistinguishable from the present matter would have never been revealed to this Court despite the fact that the Defendants' counsels' law firm is the counsel of record in *McCoy*.

      Even when faced with the fact that this is the same information provided to Mari Truman, Defendants reaction was to file a Reply that it admits contained false information, because they failed to conduct a reasonable inquiry into what Mari Truman was actually designated to testify in this case and what documents they had been provided. Defendants were clearly so focused on their game of pseudo-gotcha that they neglected to see what Mari Truman was even testifying about in this matter. As a result, they plainly violated Rule 11(b) by recklessly filing a false paper to support their frivolous Motion for Exclusionary Sanctions. Worse, although Defendants now admit that this case cannot be factually distinguished from *McCoy* they now argue that the court in *McCoy* failed to adequately consider an argument that they never even raised in *McCoy*.

      In sum, Defendants' "attempt to mislead the Court is completely at odds with their ethical duties." *In re Tower Park Properties, LLC* (C.D. Cal., Nov. 21, 2013, No. CV 13-1518-GHK) 2013 WL 12148276, at *5. "[A]n attorney's duty "never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." *In re Tower Park Properties, LLC* (C.D. Cal., Nov. 21, 2013, No. CV 13-1518-GHK) 2013 WL 12148276, at *5 (quoting Cal. Bus. & Prof. Code § 6068(d)). "California Rule of

Professional Conduct 5–200 requires that California State Bar members present information to a tribunal that is consistent with truth." *See id*. The Defendants "attempts to mislead the Court are "utterly inconsistent with the orderly administration of justice." *See id*. Therefore, this Court should sanction the Defendants and award Plaintiff court costs and fees for having to respond to the objectively frivolous filings Defendants have brought before this Court.

## CONCLUSION

Wherefore these premises considered, Plaintiff requests that the Court enter an order sanctioning Defendants for (1) advancing a frivolous motion, (2) for filing a Reply containing admittedly false representations and (3) for their repeated efforts to intentionally mislead the Court into believing that a document filled with public information was protected by an order when they knew they had never even attempted to make a showing of good cause to secure an order to protect that document.

Dated: April 11, 2025              Respectfully Submitted,

/s/ *Kristopher A. Bonham*
**Kristopher A Bonham, Esq.**
Florida Bar No.: 1010914
**Morgan & Morgan, P.A.**
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, FL 33401
Telephone: (561) 812-1547
Email: kbonham@forthepeople.com
Secondary Email:
damiansmith@forthepeople.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I discussed filing a motion for sanctions against the Defendants for filing this motion from the outset given there was no applicable order to base the motion. Further after Defendants filed their Reply, I conferred with them that a motion for sanctions would be filed unless the reply was withdrawn. It was not and sanctions are now sought.

/s/ *Kristopher A. Bonham*
**Kristopher A Bonham, Esq.**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this April 11, 2025, I electronically filed the foregoing with the Court's e-filing portal, which will automatically send a copy to all counsel of record.

/s/ *Kristopher A. Bonham*
**Kristopher A Bonham, Esq.**